UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence Silvester Gregory,　#227394, | ) C/A No. 3:11-1692-TLW-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Heath McAlvin Stewart, III; Riley Pope; | ) |
| LeRoy Free DeLaney; Nikole H. Boland, | ) |
| Attorneys & Counselors at Law; sued in their | ) |
| individual and professional employment, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The Plaintiff, Clarence Silvester Gregory, ("Plaintiff"), is a prisoner in the South Carolina Department of Corrections' (SCDC's) Broad River Correctional Institution in Columbia, South Carolina. Plaintiff, proceeding *pro se*, brings this 42 U.S.C. § 1983 action against Defendants, seeking compensatory and punitive damages. Plaintiff alleges that, while Defendants were acting as attorneys for SCDC in two civil actions brought against SCDC in state court by Plaintiff in 2007 and 2009, Defendants: violated Plaintiff's due process rights; denied Plaintiff's access to court; conspired to and knowingly and intentionally committed fraud and misrepresentation of law; and violated §§ 1983, 1985, and 1986. *See* ECF No. 1, p. 2. Plaintiff brings this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, this matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint in accordance with applicable law, the Court concludes that it should be summarily dismissed.

1

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the provisions of 28 U.S.C. § 1915.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint was filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i),(ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or fact."  *Denton*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke*, 490 U.S. at 327.

This Court is required to construe *pro se* complaints and petitions liberally.  Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  But

2

a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal.

## BACKGROUND

Plaintiff alleges that he filed two lawsuits against SCDC, its former director, Jonathan E. Ozmint, "and other relevant employees," in Richland County Common Pleas Court, *i.e.* C/A No. 2007-CP-40-3742 and 2009-CP-2441. *See* ECF No. 1, p. 3. Plaintiff alleges that, during motions hearings in both cases, Defendants "made a false statement of law, of the South Carolina Tort Claims Act, statute, under sub[]section 15-78-70(b), asserted [] pursuant to the S.C. Tort Claims Act, SCDC employees may 'not' be sued individual[ly].'" ECF No. 1, p. 3. Plaintiff alleges that "the presiding Court relied and was convinced upon said Defendants' counsel representation, ordered the Defendants' counsel Stewart, III, to prepare a proposed order, and [in the first case] on August 11, 2008, the presiding Judge Kinard . . . signed the said Order, denying Plaintiff's motion to amend complaint, to add the employee." ECF No. 1, p. 4. Plaintiff alleges that another motion to amend his complaint in his first lawsuit was also denied by Judge Kinard. Plaintiff alleges that the judge has never ruled on Plaintiff's motion, filed pursuant to South Carolina Rule of Civil Procedure 59(e), to amend or reconsider the court's judgment in Plaintiff's first case. Plaintiff alleges that, in his

3

second state court case, the presiding judge granted summary judgment to the defendants, based on the same "representation which was false in the contents of the language asserted before the proceedings," that "pursuant to the terms of the South Carolina Tort Claims Act, SCDC employees may 'not' be sued  individual[ly]" based on Defendants' "quoted statutory sub[]section 15-78-70(b)."[1]  ECF No. 1, p. 5.  Plaintiff alleges that "the false assertions made in the proceedings . . . constitute[] a violation [of] due process rights to a fair hearing, during a[] process of adjudication," and that "Riley Pope & Laney, LLC failed to correct and now continued to enforce the false representation made by their agent attorney Stewart, III, [and] through another agent attorney, Nikole H. Boland."  ECF No. 1, p. 6.  Plaintiff alleges that Defendants "conspired to commit[] a false representation of the statutory law, denied and deprived said P[laintiff's] due process rights, constituted a violation of the Fourteenth Amendment ."  ECF No. 1, p. 8.

## DISCUSSION

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332.[2]

---

[1]Plaintiff alleges that, in his second state court case, "on/or about [sic] September 28, 2010 and October 05, 2010, said Plaintiff filed [a] Rule 60(b), 3, 4, and 5 [motion], on grounds of fraud and misrepresentation [sic] and fraud upon the court[;] as of now the case is pending."  ECF No. 1, p. 5.

[2]There is clearly no basis for a finding that this Court has diversity jurisdiction over Plaintiff's Complaint.  The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  *See* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side.  *Owen*, 437 U.S. at 373-74.  This Court does not have diversity jurisdiction in this case because, according to the information provided by Plaintiff when he filed his Complaint and proposed service documents, Plaintiff and Defendants are all citizens and residents of South Carolina.  *See* ECF No. 1, p. 2, 11; ECF No. 3, p. 1.

4

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc*., 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court shall dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley*, 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at *399* (citing *2 Moore's Federal Practice* § 8.03[3](3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

Plaintiff's Complaint attempts to allege sufficient facts to establish a cause of action for violation of his constitutional rights under 42 U.S.C. § 1983, which would constitute "federal question" jurisdiction. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must

allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996). Purely private conduct such as that alleged in this case against Defendants, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).[3] Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937. Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful

---

[3] *Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

participant in joint action with the State or with an agent of the State.  *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

Plaintiff cannot maintain a civil rights claim against these Defendants because they have not acted under color of state law.  "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."  *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).  "Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'"  *Id.* at 319 n.9 (quoting *In re Griffiths*, 413 U.S. 717, 729 (1973)).  It is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel.  *See Polk County v. Dodson*, 454 U.S. at 317-324 nn.8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d at 1155-1156 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).

Plaintiff has also not pled sufficient facts to pursue a civil rights action for conspiracy under §§ 1985 and 1986 against Defendants.  Generalized allegations of conspiracy are not sufficient to state a claim under § 1985.  *Patterson v. Goudelock*, No. 3:10-3019-MBS-BM, 2010 WL 6986140 at *3 (D.S.C. Dec. 16, 2010).  "Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates."  *Great American Federal Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979). To state a claim under § 1985, a plaintiff must allege that defendants (1) conspired; (2) for the purpose of depriving, any person or class of persons of equal protection or equal privileges and immunities; and (3) one or more of the conspirators did or caused to be done any act in furtherance of the object of the conspiracy; whereby another was (4a) injured in his person or property or (4b) deprived of having and exercising any right or privilege of

7

a United States citizen. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Plaintiff has not alleged facts sufficient to establish the second element of a § 1985 claim, the deprivation of plaintiff's right with a discriminatory purpose. Plaintiff must show defendants deprived him of a right with "invidiously discriminatory animus." *Griffin*, 403 U.S. at 102. That discriminatory animus must arise from plaintiff's membership in a protected class. "Section 1985(3) extends beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." *Orin v. Barclay*, 272 F.3d 1207, 1217 (9th Cir. 2001). Plaintiff does not even reference racial discrimination in his Complaint and it is well settled that neither indigents nor prisoners are members of a protected class.[4] Therefore, Plaintiff fails to assert any facts that could state a cognizable claim for relief under §§ 1985 and 1986.

Additionally, this Court's consideration of Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine. Pursuant to the *Rooker-Feldman* doctrine, lower federal courts may not review state-court decisions, except in habeas corpus actions. *Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004); *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997). This includes decisions made by a state's highest court as well as decisions made by lower state courts. *Shooting Point*, 368 F.3d at 379 (citing *Jordahl*, 122 F.3d at 199). The *Rooker-Feldman* jurisdictional bar "extends not only to issues actually decided by a state court but also to those that are inextricably intertwined with questions ruled upon by a state court." *Shooting Point*, 368 F.3d at 383 (internal quotation marks omitted). A federal claim is "inextricably intertwined" with a state

---

[4] *See Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998) (neither indigents nor prisoners are a suspect class).

court decision "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual. . . ." *Jordahl*, 122 F.3d at 202.

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine in the instant case, because they are "inextricably intertwined" with questions ruled upon by a state court. Thus, any decision on the merits of Plaintiff's claims would require this Court to find that decisions issued by the state court were improperly entered. *See Dye v. Hatfield, No.* Civ.1:03CV01077, 2004 WL 3266029 at *5 (M.D.N.C. Aug. 26, 2004) (finding that plaintiffs' civil rights claims based upon an alleged conspiracy among "virtually everyone involved with the North Carolina state court system" were barred by the *Rooker-Feldman* doctrine because a ruling in favor of plaintiffs would "necessarily require the court to find that a state court wrongly decided certain issues" or "improperly entered orders and judgments" against the plaintiffs); *Newman v. Alexander*, No. Civ.A. 7:02CV01024, 2003 WL 1746320 at *4 (W.D.Va. Apr. 1, 2003) (finding that *Rooker-Feldman* doctrine barred the court from hearing claims made by a plaintiff seeking to attack her criminal conviction by accusing judicial officers of conspiring against her because such claims seek a determination that state court decisions were wrong). The *Rooker-Feldman* doctrine prevents Plaintiff, whose state court lawsuits were dismissed, "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Brown & Root. Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

**RECOMMENDATION**

Accordingly, it is recommended that the Complaint in this case be summarily dismissed, *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams,* 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 74.  Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

August 5, 2011
Columbia, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

11