IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence Silvester Gregory, #227394, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 3:11-1692-TLW-JRM |
| ) | |
| Heath McAlvin Stewart, III; Riley ) | |
| Pope; LeRoy Free DeLaney; Nikole H. ) | |
| Boland, Attorneys & Counselors at Law; ) | |
| sued in their individual and professional ) | |
| employment; And Jonathan E. Ozmint ) | |
| and Judge John Ernest Kinard, Jr. of ) | |
| Whom Both is Sued in Their Individual ) | |
| and Official Capacities, Of Whom All Is, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

# ORDER

On July 13, 2011, the plaintiff, Clarence Silvester Gregory ("plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. (Doc. # 1). The case was referred to United States Magistrate Judge Joseph R. McCrorey pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2), DSC. On August 8, 2011, the Magistrate Judge issued a Report and Recommendation recommending summary dismissal of the plaintiff's initial complaint, without prejudice and without issuance and service of process. (Doc. # 8). On September 7, 2011, the plaintiff, rather than file objections to the Report and Recommendation, submitted a motion for leave to amend his complaint and a proposed amended complaint. (Doc. # 14). On October 4, 2011, upon request, the District Court declined to accept the Report and Recommendation (Doc. # 8) and remanded the case to the Magistrate Judge for further consideration in light of the plaintiff's motion

1

to amend his complaint. (Doc. # 19). On October 18, 2011, the Magistrate Judge directed the Clerk of Court to docket the proposed amended complaint attached to the plaintiff's September 7, 2011 motion as the Amended Complaint in this case. (Docs. 22, 23).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by the Magistrate Judge to whom this case had previously been assigned. (Doc. # 24). On October 18, 2011, the Magistrate Judge issued the Report. In the Report, the Magistrate Judge recommends that the Amended Complaint in this case be summarily dismissed, without prejudice and without issuance and service of process. (Doc. # 24). The plaintiff filed no objections to the Report. After this Court granted an extension to the plaintiff (Doc. # 29), objections were due on December 5, 2011. Rather than file objections, the plaintiff again moves to amend his complaint (Doc. # 33) and attaches a proposed second amended complaint (Doc. # 33, attach. 2). The amendment deletes state judge Kinard and former Commissioner of the South Carolina Department of Corrections Jonathan E. Ozmint from the lawsuit and makes certain minor additional factual allegations. The plaintiff's motion to amend (Doc. # 33) is **GRANTED**. The Court has reviewed the Second Amended Complaint (Doc. # 33, attach. 2) and finds it is subject to dismissal for the same reasons set forth in the Magistrate Judge's Report (Doc. # 24).[1]

---

[1] In addition, the allegations in this case are distinguishable from those in Dennis v. Sparks, 449 U.S. 24 (1980), where a plaintiff brought a civil rights action against certain private parties and a state court judge alleging the private parties conspired to bribe the judge to obtain an injunction. Here, the plaintiff alleges that there was some ex parte contact before a hearing in the plaintiff's lawsuit against the South Carolina Department of Corrections ("SCDC") between the attorney for SCDC and the state court judge presiding over the hearing, that the attorney made a false statement of law during the hearing, and that the judge denied his claims based on the false statement. Second Am. Compl. (Doc. # 33, attach. 2). These allegations do not form a viable conspiracy claim under 42 U.S.C. § 1983 as they do not constitute a claim for relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Furthermore, as explained in the Report and Recommendation, the allegations implicate the Rooker-Feldman doctrine as a finding

2

This Court is charged with conducting a <u>de</u> <u>novo</u> review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. <u>See</u> <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation. It is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 24) and that the plaintiff's motion to amend his complaint (Doc. # 33) is **GRANTED**. For the reasons articulated by the Magistrate Judge, this case is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

February 6, 2012
Florence, South Carolina

---

that the attorney made a false statement of law on which the state court based its decision would require this Court to find that the state court's decision was improper.